UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. _____

RAFAEL T. PEREIRA, and other similarly situated individuals, )
)
)
Plaintiff(s), )
)
v. )
)
BRAMERS BRAZILIAN CUISINE INC, WESLEY HELGERT, and LUCIMARA HELGERT, )
)
)
)
Defendants. )
)
)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs RAFAEL T. PEREIRA ("Plaintiff") and other similarly situated individuals sue defendants BRAMERS BRAZILIAN CUISINE INC, WESLEY HELGERT and LUCIMARA HELGERT (collectively, "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. BRAMERS BRAZILIAN CUISINE INC. (the "Corporate Defendant"), WESLEY HELGERT, and LUCIMARA HELGERT (the "Individual Defendants"), are a Florida

1

company and a Florida resident, respectively, having their main place of business in Palm Beach County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Palm Beach County, Florida.

## COUNT I: WAGE AND HOUR VIOLATION BY BRAMERS BRAZILIAN CUISINE INC. (OVERTIME)

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its

2

employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a Brazilian restaurant and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a cook for the Corporate Defendant's business.

8. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 55 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. A detailed explanation of the approximate hours worked is here:

- During his first week of employment, Plaintiff worked approximately 81 hours;
- During his second week of employment, Plaintiff worked approximately 63 hours;
- During his third week of employment, Plaintiff worked approximately 54.45 hours;
- From 9/17/18 to 9/21/18, Plaintiff worked approximately 50.05 hours;
- From 10/8/18 to 10/14/18, Plaintiff worked approximately 40.05 hours;
- From 11/12/18 to 11/18/18, Plaintiff worked approximately 41.40 hours;

3

- From 11/19/18 to 11/25/18, Plaintiff worked approximately 40.30 hours;
- From 11/26/18 to 12/1/18, Plaintiff worked approximately 40.40 hours;
- From 1/14/20 to 1/20/19, Plaintiff worked approximately 42.30 hours;
- From 4/8/19 to 4/14/19, Plaintiff worked approximately 55.10 hours;
- From 4/15/19 to 4/21/19, Plaintiff worked approximately 54 hours;
- From 4/22/19 to 4/28/19, Plaintiff worked approximately 59 hours;
- From 4/29/19 to 5/5/19, Plaintiff worked approximately 60.30 hours;
- From 5/6/19 to 5/12/19, Plaintiff worked approximately 61 hours;
- From 5/13/19 to 5/19/19, Plaintiff worked approximately 70 hours;
- From 5/20/19 to 5/26/19, Plaintiff worked approximately 60 hours;
- From 5/27/19 to 6/2/19, Plaintiff worked approximately 55 hours;
- From 6/3/19 to 6/9/19, Plaintiff worked approximately 74 hours;
- From 6/10/19 to 6/16/19, Plaintiff worked approximately 59 hours;
- From 6/17/19 to 6/23/19, Plaintiff worked approximately 51 hours;
- From 6/24/19 to 6/30/19, Plaintiff worked approximately 51 hours;
- From 7/1/19 to 7/7/19, Plaintiff worked approximately 45 hours;
- From 7/8/19 to 7/14/19, Plaintiff worked approximately 63 hours;
- From 7/15/19 to 7/21/19, Plaintiff worked approximately 62 hours;
- From 7/22/19 to 7/28/19, Plaintiff worked approximately 65 hours;
- From 7/29/19 to 8/4/19, Plaintiff worked approximately 67 hours;
- From 8/5/19 to 8/11/19, Plaintiff worked approximately 41 hours;
- From 8/5/19 to 8/11/19, Plaintiff worked approximately 41 hours;
- From 8/12/19 to 8/18/19, Plaintiff worked approximately 60.30 hours;

- From 8/19/19 to 8/25/19, Plaintiff worked approximately 55 hours;

- From 8/26/19 to 9/1/19, Plaintiff worked approximately 54 hours;

- From 9/2/19 to 9/8/19, Plaintiff worked approximately 47.30 hours;

- From 9/9/19 to 9/15/19, Plaintiff worked approximately 56.30 hours;

- From 9/16/19 to 9/22/19, Plaintiff worked approximately 56.30 hours;

- From 9/23/19 to 9/29/19, Plaintiff worked approximately 55 hours;

- From 9/30/19 to 10/06/19, Plaintiff worked approximately 53 hours;

- From 10/7/19 to 10/13/19, Plaintiff worked approximately 55 hours; and

- From 10/14/19 to 10/20/19, Plaintiff worked approximately 53 hours.

Total Overtime Hours: 555.25

Total Actual Damages: $4,997.25

Liquidated Damages: $4,997.25

**Total: $9,994.50 plus reasonable attorney's fees and costs.**

9. Plaintiff was employed as a cook performing the same or similar duties as that of those other similarly situated cooks whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

10. Plaintiff worked for the Corporate Defendant from approximately 07/30/2018 to 10/20/2019.  In total, Plaintiff worked approximately 64 compensable weeks under the Act, or 64 compensable weeks if counted 3 years back from the filing of the instant action.

11. The Corporate Defendant paid Plaintiff on average approximately $18 per hour.

12. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week. The Corporate Defendant paid overtime hours at the regular rate of $18 per hour.

5

13. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

14. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

15. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

16. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

17.　Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A.　Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.　Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.　Award Plaintiff an equal amount in double damages/liquidated damages; and

D.　Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.　Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY WESLEY HELGERT and LUCIMARA HELGERT (OVERTIME)

18.　Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19.　At the times mentioned, the Individual Defendants were, and are now, the owners and officers of the Corporate Defendant. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly

7

situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

20. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

21. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

22. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: December 2, 2019.

                                                         Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549